COMELY
*vs.*
COMMONWEALTH

---

## Comely *vs.* Commonwealth.

Case 42.

17 bm403
110 852

APPEAL FROM GARRARD CIRCUIT.

FELONY.

1. The court of appeals has no power to reverse the judgment of a circuit court in a criminal case, unless it be for error in admitting or rejecting important evidence—error in instructing or refusing to instruct the jury—error in failing to arrest the judgment. (*Crim. Code*, 627—354.)
2. The court of appeals cannot reverse a judgment of a circuit court, in a criminal case, for refusing to grant a new trial, based upon the alledged disqualification of a juror, (15 *B. Monroe*, 554,) or the alledged disqualification of a special judge who presides in the trial.
3. A motion in arrest of judgment can only be sustained, in a criminal case, where the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. (*Crim. Code, sec.* 271.)

[The facts of the case are stated in the opinion of the court.—REP.]

*Burdett & Landram,* and *Lusk* and *Bell* for appellant—

No brief on file.

*J. Harlan, Attorney General,* for the Commonwealth—

The grand jury for Garrard county, empannelled at the November term, 1855, of the circuit court, found an indictment against John Comely for the murder of Stephen Spratt—"a true bill."

The offense was charged to have been committed the 6th of August, 1855, by shooting Spratt with a pistol.

A trial was had at the August term, 1856, and the jury found the prisoner " guilty of the offense of felony and murder, charged in the indictment."

A motion for a new trial was made and overruled by the court, and judgment rendered on the verdict, that the prisoner be executed on a day fixed by the order. To reverse that judgment the prisoner has appealed to this court.

Several grounds were assigned for a new trial, three of which only need be considered. 1. That the verdict was contrary to law and evidence. 2. Two of the jury had expressed opinions unfavorable to the prisoner before the commencement of the term; and, 3. " Because the presiding judge, elected as a special *pro tem.* judge, could not legally and constitutionally hold the court, he never having qualified as an attorney in this court, and never having practiced in the same prior to his election."

1. It may be assumed as a proposition, about which no reasonable doubt can exist, that the evidence, as certified to this court in the bill of exceptions, authorized the jury to find the prisoner guilty of the offense charged in the indictment. A deadly instrument was used by the prisoner, and the evidence conduced to prove he sought Spratt for the

purpose of taking his life, without any legal or plausible pretext.

2. The prisoner did present affidavits which stated that two members of the jury had expressed opinions unfavorable to the prisoner; but counter affidavits were also presented by the commonwealth, which showed that the persons who had made the affidavits, on which the prisoner relied, were men of notorious bad character, and that the statements made by them were in fact untrue, and the court very properly disregarded them.

3. Whether the gentleman who presided at the trial could legally hold the court, is the only question of any difficulty presented in the case.

Prior to the last session of the general assembly, there were twelve judges, and the state was divided into twelve districts. By an act approved February 15, 1856, (*Session Acts, page* 35,) the state was divided into thirteen districts. The district embracing Garrard county is the sixth district. The second section of the act provides for the election of a circuit cuit judge and a commonwealth's attorney in each district, the first Monday of August, 1856; "and the business of the circuit courts shall be conducted in all respects until that time, and until the new judges have been commissioned and qualified, as if this act had not been passed.

By an act approved March 5, 1856, (*Session Acts, page* 59.) the times for holding, in the several circuits, were fixed. The courts for Garrard county are to be held the third Mondays of February and August, and a special term in July. The act took effect the first Monday of August, 1856. The court at which the trial in this case was had commenced the third Monday of August, 1856. The manner of organizing the court is thus stated in the bill of exceptions: "It was agreed on the trial of the motion that Thos. E. Bramlett, the presiding judge of the present court is the judge elect of this judicial district, but not yet commissioned; that he is, and has been for more

than ten years, a practicing lawyer in the courts of this state and district, and has a license so to do, and has been regularly sworn in as such, but was never sworn in as a practicing attorney in the Garrard circuit court, but was in attendance at said court when the attorneys of the Garrard circuit elected him to preside as special judge for the term, which election was regularly holden by the clerk, as the law is, and receiving the vote was duly installed, by taking the oath of office, the regular judge not being present to hold said court. The election was had as above, to supply the place of the regular judge for the time being."

The statute upon the subject of special judges provides : "When, from any cause, the judge of the circuit court fails to attend, or in attendance cannot properly preside in a cause or causes pending in such court, the attorneys of the court who are present, shall elect one of its members then in attendance, to hold the court for the occasion, who shall accordingly preside and adjudicate." The statute prescribes other things to be done, of which it is provided : "Or the parties may agree upon an individual to preside, and the person agreed on shall have the same power and be paid in the same manner as if elected by the bar." "The person *elected* shall, during the period that he acts, have all the powers and be liable to all the responsibilities of a circuit judge." (*Revised Statutes*, 229–'30.)

The question presented is, whether Mr. Bramlett, who was elected by the bar of the Garrard circuit court did not possess all of the powers of a circuit judge, regularly commissioned? He was a regular practicing attorney, duly licensed to practice law in the superior and inferior courts of this commonwealth; had been such for ten years, and was, at the time, the circuit judge elect for that judicial district, but had not received his commission from the executive department of the government.

Mr. Bramlett was an attorney in attendance at the court house the day fixed by law for holding the court. He held the proper document to show he had the right to practice in any court in the state, and was constitutionally eligible to the office of circuit judge. Why was he not eligible to act as special judge, in one of the counties of his own district? The ground relied upon by the counsel for the appellant is, Mr. Bramlett had not been sworn in as an attorney and counsellor of the Garrard circuit court. This would be a very technical and rigid construction of the statute, and not founded on any good reason. I insist that Mr. Bramlett possessed all of the qualifications required by a proper construction of the statute.

But can the question be made, either in a civil or criminal case, after he has been duly elected, taken the oaths of office, and presided on the trial? Can the right of a judge to preside in a case, be made upon a motion for a new trial?

It seems to me these questions must be answered in the negative. The law has prescribed other modes to try such a question; and that is by an action as prescribed in section 532, of the Civil Code of Practice. A question of that kind cannot be decided collaterally; it must be decided by a direct proceeding, instituted for that purpose, and that only.

The Garrard circuit court, at its last August term, was a court *de facto*, having, and possessing, and exercising all of the powers of any other circuit court in the state. It is to be presumed that many judgments, both in civil and criminal cases, were rendered during that term, whilst Mr. Bramlett was presiding as judge *pro tem.* thereof. If the judgment in this case is *coram non judice*, so it is in all of the other cases of that term. The reversal of the judgment in this case, upon the ground relied upon by the counsel for the appellant, may, and necessarily will, be productive of great mischief and inconven-

COMELY
*vs.*
COMMONWEALTH

ience. But I do not desire an affirmance of the judgment on this ground alone. I think the law has been 'substantially and practically complied with, and there is no ground for reversing the judgment.

October 17.

Judge DUVALL delivered the opinion of the court:

The appellant was indicted for murder and found guilty. He seeks a reversal of the judgment of conviction, upon the ground that the circuit court erred in overruling his motion for a new trial, based upon the following, among other causes and grounds, filed by him:

1. That some of the jurors had previously formed and expressed opinions unfavorable to the defendant's case, and were unduly biased and prejudiced against him.

2. That the judge who presided at the trial was a special judge, elected by the members of the bar, and that he could not legally and constitutionally hold the court, he never having qualified as an attorney in that court, and never having practiced there as such prior to his election.

1. The court of appeals has no power to reverse the judgment of a circuit court in a criminal case, unless it be for error in admitting or rejecting important evidence—error in instructing or refusing to instruct the jury —error in failing to arrest the judgm't. (*Crim. Code*, 627—354.)

By the Code of Practice, in criminal cases, it is provided that "the court of appeals shall have appellate jurisdiction in prosecutions for felonies, subject to the restrictions contained in this article." (*Section* 327.) And by section 334, that "a judgment of conviction shall only be reversed for the following errors of law to the defendant's prejudice, appearing on the record:"

1. An error of the circuit court in admitting or rejecting important evidence.

2. An error in instructing or refusing to instruct the jury.

3. An error in failing to arrest the judgment.

4. An error in allowing or disallowing a peremptory challenge.

2. The court of appeals cannot reverse a

No objection to the proceedings in the circuit court, which is not embraced in some one of these provisions, can be relied upon in this court as a

ground of reversal. The action of the circuit court, therefore, in overruling the motion for a new trial, so far as it was based upon the alledged disqualification of the jurors, is not a proper subject of inquiry on this appeal. (*Cornelius vs. Commonwealth*, 15 *B. Monroe*, 554.)

The same must be said of the second ground relied upon by the appellant—the alledged disqualification of the special judge—and it is, therefore, needless to inquire whether the facts set forth in the record are such as should have authorized or required the circuit judge to sustain the objection; for, admitting the error complained of, in the ruling of the court upon this point, it is obviously unavailing to the defendant as a ground of reversal, under the most liberal construction of the section quoted.

A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered upon a verdict against him, or on a plea of guilty. (*Section* 270.)

And the only ground upon which a judgment shall be arrested is, that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. (*Section* 271.)

This case, therefore, comes within none of the powers conferred by law upon this court, to revise the judgments and proceedings of circuit courts in prosecutions for felony—powers which are defined and limited with great precision and accuracy by the various provisions of the Code, regulating appeals in criminal cases.

The judgment must, therefore, be affirmed.

COMELY
*vs.*
COMMONWEALTH

judgment of a circuit court, in a criminal case, for refusing to grant a new trial based upon the alledged disqualification of a juror, (15 *B. Monroe*, 554,) or the alledged disqualification of a special judge who presides on the trial.

3. A motion in arrest of judgment can only be sustained in a criminal case where the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. (*Crim. Code, sec.* 271.)